15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Rogelio CRISTOBAL-QUILISADIO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70481.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 20, 1993.
 
 1
 Before: SNEED, NOONAN, and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Rogelio Cristobal-Quilisadio, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeal's ("BIA") order upholding the immigration judge's ("IJ") denial of Cristobal-Quilisadio's request for voluntary departure. Cristobal-Quilisadio argues that he was denied due process because he was not provided an interpreter at his deportation hearing. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a). We review de novo a claim that an immigration proceeding violated due process. Barraza Rivera v. INS, 913 F.2d 1443, 1448 (9th Cir.1990). We deny the petition.
 
 
 4
 It is well established that aliens are entitled to a full and fair hearing prior to deportation. Wong Yang Sung v. McGrath, 339 U.S. 33, 49-51 (1950). This court has recognized the importance of an interpreter to the fundamental fairness of such a hearing if the alien cannot speak English fluently. Tejeda-Mata v. INS, 626 F.2d 721, 726 (9th Cir.1980), cert. denied, 456 U.S. 994 (1982). To prevail on a claim that he was denied a fair hearing, however, Cristobal-Quilisadio must show that any alleged errors or deprivations were prejudicial. El Rescate Legal Services, Inc. v. Executive Office of Immigration Review, 959 F.2d 724, 752 (9th Cir.1991). Thus, Cristobal-Quilisadio must show that, but for the IJ's denial of Cristobal-Quilisadio's request for an interpreter, the outcome of his deportation proceedings would have been materially different. United States v. Cerda-Pena, 799 F.2d 1374, 1378-79 (9th Cir.1986).
 
 
 5
 Here, Cristobal-Quilisadio did not demonstrate that the outcome of the proceeding would have been different if he had been assisted by an interpreter. Cristobal-Quilisadio claimed that he could not adequately respond to the IJ's questions without an interpreter. Cristobal-Quilisadio, however, did not indicate how he would have responded with the assistance of an interpreter or how his responses would have altered the outcome of his deportation proceedings. Furthermore, Cristobal-Quilisadio's counsel was present at the hearing and failed to object to the absence of an interpreter. Accordingly, because Cristobal-Quilisadio failed to demonstrate prejudice, the BIA did not err by rejecting Cristobal-Quilisadio's due process claim. See id.
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. The government's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3